**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3488-17T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

PAUL REID,

     Defendant-Appellant.

_____

Submitted April 3, 2019 – Decided April 17, 2019

Before Judges Alvarez and Reisner.

On appeal from Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 03-03-0403.

Paul Reid, appellant pro se.

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Jaimee M. Chasmer, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Paul Reid appeals from a February 21, 2018 order denying his motion to correct an illegal sentence. We affirm for the reasons stated by the motion judge. We add these brief comments.

In 2004, defendant was convicted by a jury of two counts of first-degree felony murder, N.J.S.A. 2C:11-3(a)(3), for which he was sentenced to two consecutive terms of thirty years without parole. The jury also convicted him of aggravated manslaughter, kidnapping, and several additional offenses, for which he received concurrent terms. Defendant previously filed a direct appeal, a petition for post-conviction relief, a petition for habeas corpus, and a 2013 motion to correct an illegal sentence. As reflected in our opinion affirming the denial of the 2013 motion, all of those challenges were unsuccessful. State v. Reid, No. A-5637-12 (App. Div. May 26, 2015).

The current appeal arises from a second motion to correct an illegal sentence, which defendant filed in 2018. Judge Nesle A. Rodriguez denied that motion for reasons expressed in a written opinion issued with the order. Judge Rodriguez explained in her opinion that defendant's sentence was lawful, and his objections were not cognizable on a motion to correct an illegal sentence.

On this appeal, defendant presents the following points of argument:

A-3488-17T2

POINT 1

> THE TRIAL COURT'S FINDING OF AGGRAVATING FACTORS [ENUMERATED IN 2C:44-1A], OTHER THAN THE FACT OF A PRIOR CONVICTION, WHICH WERE THEN USED TO RAISE THE MINIMUM PUNISHMENT (FLOOR) NOT AUTHORIZED BY THE JURY'S VERDICT, VIOLATES ALLEYNE, WHICH PROHIBITS SUCH ENHANCEMENTS.
> (Not Raised Below)

POINT II

> THE SENTENCING COURT ERRED BY IMPOSITION OF CONSECUTIVE SENTENCE BASED O[N] FACTORS ESTABLISHED IN STATE V. YARBOUGH, 100 N.J. 627 (1985).

In his first argument, which was not raised in the trial court, defendant contends that the sentencing judge violated the principles set forth in Alleyne v. United States, 570 U.S. 99 (2013), in finding and weighing the aggravating factors. That argument is without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). Defendant also argues that the sentencing judge was mistaken in weighing the mitigating and aggravating factors, and misapplied the Yarbough factors. See State v. Yarbough, 100 N.J. 627 (1985). As Judge Rodriguez correctly stated, those arguments are not cognizable on a motion to correct an illegal sentence.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION